Mr. Fred O. Dickinson, III Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32399-0500
Dear Mr. Dickinson:
You ask substantially the following questions:
1. May a law enforcement officer who is conducting an accident investigation issue a traffic citation to the driver of a vehicle who, is found to be in violation of Florida's mandatory seat belt law, section 316.614, Florida Statutes, when no other charges are made?
2. May a law enforcement officer issue a citation to a passenger in the vehicle for violation of section 316.614, Florida Statutes, under the abovestated facts?
In sum:
While a law enforcement officer may not stop a vehicle for the sole purpose of enforcing Florida's mandatory seat belt law, there is no prohibition against issuing a citation for violation of the law to either the driver of the vehicle or a passenger sixteen years of age or older, or both, when the officer, in making a personal investigation of a traffic accident, has detained the driver for a suspected violation of any other state traffic laws and has probable grounds to believe that the driver has violated such law.
Section 316.614, Florida Statutes, the Florida Safety Belt Law, provides:
(4) It is unlawful for any person: (a) To operate a motor vehicle in this state unless each front seat passenger of the vehicle under the age of 16 years is restrained by a safety belt or by a child restraint device pursuant to s. 316.613, if applicable; or (b) To operate a motor vehicle in this state unless the person is restrained by a safety belt. (5) It is unlawful for any person 16 years of age or older to be a passenger in the front seat of a motor vehicle unless such person is restrained by a safety belt when the vehicle is in motion.
* * *
(7) After January 1, 1987, any person who violates subsection (4) or subsection (5) shall be fined $20, including court costs, for each separate offense.
The plain language of this section requires the use of safety belts by the driver and front seat passengers of a motor vehicle when the vehicle is in operation. Section 316.614(9), Florida Statutes, however, limits the enforcement of the mandatory seat belt law "as a secondary action when a driver of a motor vehicle has been detained for a suspected violation of another section of this chapter, chapter 320, or chapter 322." (e.s.)
Thus, a state or local law enforcement officer may not stop or detain the driver of a motor vehicle solely upon his or her failure to wear a safety belt while operating the vehicle.[1] A person may be charged with violation of the seat belt law when the driver of the motor vehicle has been detained for suspected violation of another section of the traffic laws, but there is no requirement that the driver be charged with violation of another traffic law in order for the officer to issue a citation for violation of the mandatory seat belt law.
Section 316.645, Florida Statutes, provides general arrest powers to police officers[2] as follows:
A police officer who makes an investigation at the scene of a traffic accident may arrest any driver of a vehicle involved in the accident when, based upon personal investigation, the officer has reasonable and probable grounds to believe that the person has committed any offense under the provisions of this chapter or chapter 322 in connection with the accident.
This statute has been interpreted to confer no independent arrest power upon anyone.[3] However, utilizing general arrest powers, a police officer who makes an investigation at the scene of a traffic accident may arrest any driver who is suspected of committing an offense. Thus, while a law enforcement officer may not stop a vehicle for the sole purpose of enforcing Florida's mandatory seat belt law, there is no prohibition against issuing a citation for violation of the law when the officer, in making a personal investigation of a traffic accident, has detained the driver for a suspected violation of any other state traffic laws and has probable grounds to believe that the driver has violated such law.
Section 316.645, Florida Statutes, may not be read to allow a law enforcement officer to cite a driver of a motor vehicle or a passenger sixteen years of age or older for violation of the seat belt law when in the course of an investigation at the scene of an accident the officer determines that the driver or such passenger has failed to use restraints, absent a primary finding or belief that the driver has violated any other provision of the state traffic laws. To allow an officer to cite a driver or passenger solely based upon his or her failure to be restrained by a safety belt would ignore the clear restriction in section 316.614(9), Florida Statutes, that enforcement of the mandatory seat belt law is accomplished as a secondary action.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, June 29, 1994, memo to Colonel Grimming, Director of the Florida Highway Patrol, from E. Jon Whitney, General Counsel, Department of Highway Safety and Motor Vehicles, stating:
Law enforcement officers are prohibited under the bill from stopping vehicles for the sole purpose of informing or ticketing the occupants for failure to wear a seat belt. Enforcement would be accomplished only as a secondary action when a driver has been detained for a suspected violation of another section of chapter 316, F.S., or for suspected violation of the provisions of chapters 320 or 322, F.S. (e.s)
[2] Section 316.003(32), Fla. Stat. (1993), defines "POLICE OFFICER" as "[a]ny officer authorized to direct or regulate traffic or to make arrests for violations of traffic regulations, including Florida highway patrolmen, sheriffs, deputy sheriffs, and municipal police officers."
[3] See, Op. Att'y Gen. Fla. 73-55 (1973).